UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHLEEN ORTIZ, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-1023-B |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| d/b/a WALMART SUPERCENTER | § | |
| #5147, | § | |
| | § | |
|   Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wal-Mart Stores Texas, LLC d/b/a Walmart Supercenter #5147 (Walmart)'s Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) (Doc. 6). For the reasons given below, the Court **GRANTS** Walmart's motion and **DISMISSES WITH PREJUDICE** Plaintiff Kathleen Ortiz (Ortiz)'s claims.

I.

BACKGROUND

On March 7, 2020, Ortiz entered Walmart to run errands. *See* Doc. 1-3, Pet., ¶¶ 9, 12. While on the premises, Ortiz claims that she tripped on an unsecured drain cap on the floor and sustained serious injuries. *Id.* ¶¶ 10, 11.

Ortiz filed suit against Walmart in the 116th District Court in Dallas County, Texas on March 17, 2020. Doc. 1-3, Pet. After filing its answer, Walmart timely removed the case to this Court. Doc 1-3, Answer; Doc. 1, Notice of Removal. On May 25, 2022, Walmart filed the instant

Motion for Judgment on the Pleadings under Federal Rules of Civil Procedure Rule 12(c), arguing that Ortiz's claims are barred by the statute of limitations.  Doc. 6, Def.'s Mot., 1; Doc. 7, Def.'s Br., 1–3. The motion is fully briefed and ripe for review. The Court considers it below.

## II.

## LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed and when doing so would not delay the trial. Fed. R. Civ. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). In analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (internal quotations omitted). "Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983)).

## III.

## ANALYSIS

The statutory limitation period for personal injury and premises liability claims in Texas is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Pirtle v. Kahn*, 177 S.W.3d 567, 570–71 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Here, Ortiz's cause of action accrued on March 7, 2020—the day she fell in Walmart. *See* Doc. 1-3, Pet., ¶¶ 9–12. As such, Ortiz was required to file her claims against Walmart on or before March 7, 2022—two years after the date of her injury. *See id.*; Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Ortiz did not file suit until March 17, 2022. *See* Doc. 1-3, Pet. Walmart argues that Ortiz's failure to timely file suit requires dismissal of her claims. Doc. 7, Def.'s Br., 2.

Ortiz does not dispute that she filed suit after the statute of limitations period expired. Doc. 11, Pl.'s Br., 2. Instead, Ortiz argues that "Rule 6(b)(1)(B)'s 'requirements are quite flexible, and the district judge enjoys broad discretion to grant or deny an extension.'" *Id.* (quoting *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008)). Ortiz explains that the delay in filing was the result of excusable neglect because a paralegal at her counsel's law firm failed to transfer her case from an attorney who is no longer with the firm to her current attorney. Doc. 11, Pl.'s Resp., 1–2, 4. Ortiz does not believe that an extension of time would prejudice Walmart since "[Walmart] has been on notice of the claim since at least April 10, 2020." *Id.* at 3. Lastly, Ortiz argues that her counsel has acted in good faith throughout the proceedings of this case. *Id.* at 4.

While Ortiz is correct that Rule 6(b) grants the Court broad discretion to grant requests for "extension[s] of time periods prescribed by the federal rules or by order of the district court[,]"

[c]ourts have held that [it] does not apply to time periods set out in statutes." *See* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (4th ed. 2022 update). Thus, a Rule 6(b) extension generally cannot be used to revive a claim barred under the statute of limitations. *See id.* (collecting cases); *Argentine Republic v. Nat'l Grid Plc*, 637 F.3d 365, 368 (D.C. Cir. 2011) (per curiam) ("Every court to have considered this question has held that Rule 6(b) may be used only to extend time limits imposed by the court itself or by other Federal Rules, but not by statute."); *O'Malley v. Town of Egremont*, 453 F. Supp. 2d 240, 247–48 (D. Mass. 2006) (holding that the court "may not utilize Rule 6(b) to extend the statute of limitations" (first quoting *Parker v. Marcotte*, 975 F. Supp. 1266, 1269 (C.D. Cal. 1997), *rev'd on other grounds*, 198 F.3d 254 (9th Cir. 1999); and then citing *Hammons v. Int'l Playtex, Inc.*, 676 F. Supp. 1114, 1118 (D. Wyo. 1988), *vacated on other grounds*, 872 F.2d 963 (10th Cir. 1989))). Applied here, this means the Court lacks authority to revive Ortiz's untimely-filed claims. *See Argentine Republic*, 637 F.3d at 367–69. Ortiz's suit is therefore barred by the statute of limitations and must be dismissed.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Walmart's Motion for Judgment on the Pleadings (Doc. 6) and **DISMISSES WITH PREJUDICE** all of Ortiz's claims. In light of this, Walmart's Motion for Leave to Amend its Answer (Doc. 15) is **MOOT**.

SO ORDERED.

SIGNED: August 4, 2022.

*[signature]*

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE